# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | |
| | : | Case No.: 20-14495 |
| **Andrew R Gross** | : | Chapter 13 |
| | : | Judge Magdeline D. Coleman |
| **Debtor(s)** | : | ***************** |
| | : | |
| **Wells Fargo Bank, N.A.** | : | Date and Time of Hearing |
| **Movant,** | : | May 12, 2022 at 11:00 a.m. |
| vs | : | |
| | : | Place of Hearing |
| **Andrew R Gross** | : | U.S. Bankruptcy Court |
| | : | 900 Market Street, Suite 400, Courtroom #2 |
| **Kenneth E. West** | : | Philadelphia, PA, 19107 |
| **Respondents.** | : | Related Document # 82 |

## STIPULATION FOR SETTLEMENT OF CREDITOR WELLS FARGO BANK, N.A. MOTION FOR RELIEF FROM AUTOMATIC STAY FOR PROPERTY LOCATED AT 325 PEACHTREE DR, JENKINTOWN, PA 19046-0000 (DOCKET # 82)

This matter coming to be heard on the *Motion for Relief from Stay* (Dkt. #82) which was filed in this court by Wells Fargo Bank, N.A. ("Movant"), Movant and Andrew R Gross by and through counsel ("Debtor"), have agreed to a course of action which will condition the continuation of the automatic stay upon certain provisions incorporated herein for the protection of Movant; and Parties stipulate to the following and request a Court order confirming the same:

1. The Parties agree that the Chapter 13 Plan ("Plan") filed herein on behalf of Debtor provided that said Debtor was to make regular monthly mortgage payments to Movant outside of the Plan in a regular monthly fashion.

2. The Parties agree that in breach of said Plan, Debtor failed to make regular monthly mortgage payments to Movant and is currently in default for the months of October 2021 through May 2022, incurring a total post-petition arrearage of $2,902.63, which consists of 1 post-petition payment for October 1, 2021 at $359.36, 1 post-petition payment for November 1, 2021 at $359.97, 1 post-petition payment for December 1, 2021 at $360.64, 1 post-petition payment for January 1, 2022 at $361.27, 1 post-petition payment for February 1, 2022 at $361.94, 1 post-petition payments for March 1, 2022 at $362.57, 1 post-petition payment for April 1, 2022 at $363.21, and 1 post-petition payment for May 1, 2022 at $373.67.

3. Debtor shall repay the total post-petition arrearage of $2,902.63 directly to the Chapter 13 Trustee who shall then disperse the funds to Creditor.

4. Debtor shall submit ongoing monthly mortgage payments directly to the Creditor starting with the June 1, 2022 post-petition payment.

1

21-015799_SCS2

5.  Debtor shall file a modified Chapter 13 Plan wherein the post-petition arrearage for the months of October 2021 through May 2022 is included in the Plan. Debtor shall file the Motion to Modify Chapter 13 Plan within thirty (30) days of the Court Order approving this stipulation.

6.  Payments must be sent directly to Wells Fargo:

    Wells Fargo Home Equity
    PO Box 14529
    Des Moines, IA 50306-3529

7.  Upon completion of the repayment schedule listed above or tender of sufficient funds to bring the loan post-petition current, Debtor must continue to make timely post-petition mortgage payments directly to Movant in a regular monthly fashion.

8.  The following are events of default under this Stipulation:

    a.  Debtor's failure to file a Modified Chapter 13 Plan within 30 days of the Court Order approving this stipulation;

    b.  Debtor's failure to remit any future monthly mortgage payment on or before the date on which it is due;

9.  In the event of a Default, Movant shall send a Notice specifying the Default, to Debtor and Debtor's counsel ("Notice"), allowing Debtor ten (10) days to cure the Default ("Cure Opportunity"). If the Default is not cured, Movant shall file a Certification of Default with the Court. The automatic stay shall be terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property upon the Court's entry of an Order granting Movant's Certification of Default.

10. Debtor's opportunity to cure the default shall be limited to three occurrences. Upon the fourth default occurrence, without notification to the Debtor and their attorney, Movant shall file a Certification of Default with the Court. The automatic stay shall be terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property upon the Court's entry of an Order granting Movant's Certification of Default.

11. This Stipulation remains in full force and effect in the event Debtor's case is dismissed by the Court and Debtor subsequently reinstates their case by order of the Court and/or the Movant obtains relief from stay and the stay is subsequently reinstated by order of the Court.

12. If this bankruptcy proceeding is converted to Chapter 7, dismissed or discharged, this Order shall be terminated and have no further force or effect.

MANLEY DEAS KOCHALSKI LLC

Dated: 5/16/2022

BY: /s/ Alyk L. Oflazian
Alyk L. Oflazian (312912)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028
614-220-5611; Fax 614-627-8181
Email: ALOflazian@manleydeas.com
Attorney for Creditor

Dated: 5/12/22

BY: [signature]
Brad J. Sadek
~~Sadek and Cooper~~
1315 Walnut Street, Suite 502
Philadelphia, PA 19107
Email: brad@sadeklaw.com
Attorney for Debtor

I do not object to the foregoing Stipulation
Without Prejudiced to Any Trustee Rights or Remedies

/s/ LeeAne O. Huggins
_____
Kenneth E. West
Office of the Chapter 13 Standing Trustee
1234 Market Street - Suite 1813
Philadelphia, PA 19107